UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00209-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOSEPH MARSALA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Terminate Supervised Release. The government has filed a Response (#56) in which it opposes the proposed relief.

While not intentional, the caption of the motion is somewhat misleading as it suggests that defendant is on supervised release following a period of incarceration, rather than serving a probationary sentence. It is distinction which is important as this Court imposed a probationary sentence rather than an active sentence, which was counseled by both the advisory guideline range of 24-30 months and the terms of Plea Agreement, which resulted in a recommended downward variance to an active sentence of 12 months and a day as provided in the Plea Agreement. Although this Court routinely grants motions for early termination of *supervised release*, it does not routinely terminate probation early.

Indeed, Congress has provided separate rules for early termination of probation. Under 18 U.S.C. § 3564(c), a court may—after considering the factors set forth in section 3553(a)— grant early termination of probation for a felony after one year of probation served "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Id. The

decision to grant early termination of probation is entrusted to the sound discretion of the district court.

Among the factors a court must weigh are the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence, protect the public, and reflect the seriousness of the offense; the value of providing the defendant with further treatment or rehabilitation; and the kinds of sentences and sentencing ranges available. See 18 U.S.C.A. § 3553(a). While the Court agrees with the defense that defendant has done very well on probation and spent his time wisely in training for a valued profession, the seriousness of the offense -- especially the danger he created to the health of others -- warrants defendant serving the probationary sentence imposed. When all the factors are weighed, including the arguments provided in defendant's Motion and the government's Response, early termination of probation would not be in the interest of justice.

The Court does, however, believe in rewarding conduct while on probation that conforms to the requirements of the Court and the expectations of society. The defendant is welcome to reapply for early termination closer to the time when, had the five years been active, he would have qualified for early release from the Bureau of Prisons based on similar good conduct, which the Court understands is around the 80% mark. At that point, the Court will be interested in hearing not just about his professional accomplishments, but what other contributions he has made to his community.

Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion deemed to be a Motion for Early Termination of Probation to Terminate Supervised (#56) is **DENIED** without prejudice.

Signed: September 12, 2018

Max O. Cogburn Jr
United States District Judge